IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GREGORY GAMACHE,

          Plaintiff,

   v.

STATE OF OREGON,

          Defendant.

CV-11-295-ST

FINDINGS AND
RECOMMENDATION
TO GRANT IN FORMA
PAUPERIS AND
TO DISMISS

STEWART, Magistrate Judge:

    Plaintiff, Gregory Gamache, has applied to proceed *in forma pauperis* (docket #1). Because plaintiff indicates that he is not employed and has no income or assets, his application to proceed *in forma pauperis* should be granted. However, for the reasons set forth below, plaintiff's Complaint should be dismissed with prejudice on the basis that it fails to state a claim and is frivolous.

///

1 - FINDING AND RECOMMENDATION

## ALLEGATIONS

Although plaintiff has filed a pleading captioned a "Civil Motion," this court construes it as a Complaint. The only named defendant is the State of Oregon. To protect the residents of Oregon, plaintiff seeks an order "for the immediate passage of a state law, protecting its citizens from the use of electronic weapons." To support this request, he alleges that unlike Michigan, Massachusetts, and Maine, Oregon "lawmakers have refused to pass laws that would protect their citizens from the use of electronic weapons" which "permanently damage, injure and kill people." He states that these electronic weapons operate from a distance by emitting a signal.

## STANDARDS

Federal courts are courts of limited jurisdiction, and a case is presumed to fall outside a federal court's jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992). Under Rule 12(h) of the Federal Rules of Civil Procedure, this court is required to dismiss an action "[w]henever it appears [by suggestion of the parties or otherwise] that the court lacks jurisdiction of the subject matter." *Augustine v. United States*, 704 F2d 1074, 1077 (9th Cir 1983).

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

///

///

2 - FINDING AND RECOMMENDATION

>(A) the allegation of poverty is untrue; or
>(B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Services*, 939 F2d 881, 882 (9th Cir 1991); *Jackson*, 885 F2d at 640.

## **FINDINGS**

This Court is mindful of the requirement to liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. *Lopez*, 939 F2d at 883. However, under FRCP 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957). Despite a careful review of plaintiff's allegations, this court is not able to unearth any legally cognizable claim or source of subject matter jurisdiction.

### A. **Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F2d 1221, 1225 (9th Cir 1989). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson*, 943 F2d at 1112-13. Original jurisdiction must be

based either on diversity of citizenship, involving suits of more than $75,000 between citizens of different states, 28 USC § 1332, or on a claim involving the Constitution, laws, or treaties of the United States, 28 USC § 1331.

Diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants. *Pullman Co. v. Jenkins*, 305 US 534, 541 (1939). To establish diversity jurisdiction, a plaintiff must allege that he is a citizen of one state, that all of the defendants are citizens of other states, and that the damages are more than $75,000. Plaintiff resides in (and presumably is a citizen of) Missouri,[1] is suing the State of Oregon, and does not seek damages greater than $75,000. Thus, he has not alleged diversity jurisdiction.

To invoke federal question jurisdiction, plaintiff must plead that defendants have violated some constitutional or statutory provision. Plaintiff has not done so. He complains only that Oregon lawmakers have not passed a law that he believes should be passed. This court has no jurisdiction to order any lawmaker to pass any particular law. *See* United States Const., Art. I-III (separating and distinguishing the powers of the executive, legislative, and judicial branches). Instead, it has jurisdiction only to determine whether an existing law passes constitutional muster. *Id*, Art. III.

### B. Sovereign Immunity

Plaintiff's claim fails for yet another reason. The Eleventh Amendment bars a citizen from bringing suit against his own state, or state agency or department, in federal court.

---

[1] "It is black letter law that, for purposes of diversity, '[r]esidence and citizenship are not the same thing.'" *Seven Resorts, Inc. v. Cantlen*, 57 F3d 771, 774 (9th Cir 1995), citing *Mantin v. Broadcast Music, Inc.*, 244 F2d 204, 206 (9th Cir 1957). Although plaintiff does not allege his citizenship, this court assumes, without deciding, that plaintiff is a citizen of Missouri for purposes of diversity jurisdiction.

*Micomonaco v. State of Wash.*, 45 F3d 316, 319 (9th Cir 1995); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 US 89, 100 (1984). There are two exceptions to the Eleventh Amendment jurisdictional bar: (1) Congress can abrogate the Eleventh Amendment without the consent of the states in certain situations; and (2) a state may waive its immunity by consenting to suit in federal court but must do so by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Micomonaco*, 45 F3d at 319. A statute consenting to suit in state court does not constitute consent to suit in federal court. *Fordyce v. City of Seattle*, 55 F3d 436, 441 (9th Cir 1995).

The State of Oregon has not consented to be sued in federal court or otherwise waived its immunity. *Delong Corp v. Or. State Hwy. Comm.*, 343 F2d 911, 912 (9th Cir), *cert denied*, 382 US 877 (1965). Accordingly, even if plaintiff repleads to sufficiently state a cognizable federal claim, he cannot sue the State of Oregon in this court.

## RECOMMENDATION

Based on the foregoing, plaintiff's Complaint should be DISMISSED with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due April 11, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

///

**NOTICE**

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 24th day of March, 2011.

                                         s/ Janice M. Stewart_____
                                         Janice M. Stewart
                                         United States Magistrate Judge